## Charles Kappmeyer, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 23,229.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARcus KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. ·Affirmed. Opinion filed March 12, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Charles Kappmeyer, plaintiff, against Chicago Railways Company, defendant, to recover for personal injuries sustained in a collision between plaintiff's motorcycle and one of defendant's street cars. From a judgment for plaintiff, defendant appeals.

PHILIP ROSENTHAL and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

FRANK & LURIE and POLLOCK, RAINEY & LIVINGSTON, for appellee; ALFRED T. JOHNSON, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Kappmeyer v. Chicago Railways Co., 210 Ill. App. 9.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence shows operation of car at full speed in approaching crossing.* In an action for damages for personal injuries received in a collision between plaintiff's motorcycle and one of defendant's street cars at a street intersection, evidence *held* sufficient to show that the car was going at full speed and did not slacken its speed in approaching the crossing.

2. NEGLIGENCE, § 204*—*when contributory negligence question for court.* The general rule is that negligence and contributory negligence are questions of fact for the jury, but when the facts are admitted and all reasonable minds agree that the injury was the result of plaintiff's own negligence, the court may, as a matter of law, find that there was such contributory negligence on the part of plaintiff as to defeat a recovery, and so inform the jury by a peremptory instruction.

3. EVIDENCE, § 534*—*when witness not permitted to say he looked and did not see object.* While the general rule is that a court will not permit a witness to say that he looked but did not see an object, which it must be clear to everyone must have been seen if the witness had looked, its application must depend upon the situation disclosed by the particular case, including all physical circumstances existing at the time and just prior to the accident.

4. STREET RAILROADS, § 135*—*when contributory negligence of driver of motorcycle is question for jury.* In an action to recover damages for personal injuries sustained in a collision between plaintiff's motorcycle and one of defendant's street cars at a street intersection, where plaintiff had intended to cross, but, on seeing the car 15 feet away, turned to the right to avoid the car, which was coming at full speed, *held* that the questions whether plaintiff in the exercise of reasonable care could or should have seen the car in time to avoid the accident, whether he should or could have increased his speed and thus avoided the injury, and whether he should or could have stopped his motorcycle, were all questions for the jury.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.